UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

MARIA ESPINAL,

Defendant.

Criminal Action No. TDC-19-0076

USDC- GREENBELT
'22 MAY 5 AM 8:44

**MEMORANDUM ORDER**

Defendant Maria Espinal, a federal prisoner at the Federal Medical Center Carswell in Fort Worth, Texas ("FMC-Carswell"), has filed an Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). On April 28, 2021, the Court sentenced Espinal to a total term of 27 months of imprisonment on her convictions for aiding and assisting in the preparation of false tax returns, in violation of 26 U.S.C. § 7206(2), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). Having self-surrendered on August 16, 2021, Espinal has served close to nine months on her sentence and, with good time credits, is presently scheduled to be released on July 12, 2023.

In her Motion, Espinal seeks a reduction of her sentence to time served, with home detention as a condition of supervised release, under a statutory provision commonly referred to as the "compassionate release" provision because of her extremely serious medical conditions and the COVID-19 pandemic. The Government opposes the Motion.

**DISCUSSION**

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a

modification of a prisoner's sentence. *See id.* § 3582(c)(1)(A). Under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), the compassionate release provision was modified to also allow prisoners to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1) in any case that—
>
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>         (i) extraordinary and compelling reasons warrant such a reduction;
>
>         \* \* \*
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Where Espinal submitted a request for compassionate release to the Warden of her facility of incarceration and that request was denied, it is undisputed that Espinal has exhausted administrative remedies.

## I. Extraordinary and Compelling Reasons

Espinal argues that her medical condition of epilepsy, which has caused her to have numerous epileptic seizures while in custody, coupled with the BOP's inability to treat her condition properly, particularly during the COVID-19 pandemic, establishes "extraordinary and

compelling reasons" that warrant a reduction in her sentence to time served with a one-year period of home detention as a condition of supervised release. *Id.*

As reflected in her medical records, Espinal has suffered at least 18 separate epileptic seizures, including several that qualify as "status epilepticus," which lasted more than five minutes or included multiple seizures within a five-minute period that can result in permanent brain damage or death. Kirsch Decl. ¶ 8, Mot. Ex. A, ECF No. 87-1. Because she loses control of her body during her seizures, Espinal has suffered physical injuries to her head and hands upon falling. She also can become disoriented and lose awareness of who she is and where she is, which places her in a vulnerable position in a prison setting. During her original placement at the minimum security Federal Prison Camp Alderson in Alderson, West Virginia, drug treatments proved ineffective, she received drugs that are known to exacerbate seizures and cause suicidal thoughts, and there was no neurologist on staff who could provide her with adequate treatment. According to Dr. Hannah Kirsch, a Clinical Assistant Professor of Neurology at Stanford University School of Medicine and an expert witness retained *pro bono*, Espinal requires specialized testing and dedicated care from a neurologist that is not available within the BOP.

In February 2022, Espinal was transferred to FMC-Carswell. Although the Government argues that this transfer has resulted in improved medical care, Dr. John Orr, a neurologist retained to examine her on behalf of FMC-Carswell, stated in a report that he had incomplete data on which to evaluate Espinal, that "this is a very complicated case," and that "we do not have the capacity to put her into an epilepsy monitoring unit" in the local county. Orr Report at 2, Mot. Ex. H, ECF No. 93-1. Though he recommended a "careful and thorough workup and evaluation," it is unclear what the timeline is for such an evaluation, and he recommended that she continue to receive the same medications she had been previously prescribed because he did not have "current laboratory

data." *Id.* at 2, 4. Meanwhile, Espinal has suffered at least 11 seizures since her transfer. Notably, Espinal is now housed among prisoners serving sentences for violent crimes, which renders her vulnerable to harm and exploitation when she has a seizure and cannot protect herself. Indeed, Espinal now reports that her epilepsy medication has been stolen twice, which can have a severe impact on her health and well-being. Under these circumstances, Dr. Kirsch continues to conclude that she is not receiving adequate medical care at FMC-Carswell.

Based on these facts, under which Espinal has a life-threatening condition that is not being adequately treated while she is incarcerated, the Court finds that Espinal has established "extraordinary and compelling reasons" that can warrant a reduced sentence under the compassionate release provision. *See* 18 U.S.C. § 3582(c)(1)(A).

## II.     18 U.S.C. § 3553(a)

A reduced sentence or release based on extraordinary and compelling reasons also requires consideration of the factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). Here, Espinal seeks a sentence reduction to time served of approximately nine months but with a 12-month period of home detention as a condition of supervised release that would result in a 21-month period of confinement of some kind. On the nature and circumstances of the offense, Espinal's crimes were serious in that they involved the preparation of false tax returns on multiple occasions and the use of an individual's identity to prepare and submit a false tax return resulting in a refund. However, her crimes were non-violent in nature, and in most instances she acted primarily to benefit taxpayer-clients with limited earnings and personally profited on only limited occasions. As for the history and characteristics of the defendant, Espinal had a very limited criminal record, consisting of only driving while impaired by alcohol offenses, and had suffered domestic abuse

that likely contributed to mental health issues and alcohol abuse. She has had some success as a self-employed musician and has three adult children who are very supportive of her.

Although the original sentence, which included a downward variance, considered these circumstances, the Court notes that the severity of Espinal's medical issues, and the difficulty in securing satisfactory medical treatment, are more significant than originally anticipated and are putting her health and safety in substantial jeopardy. Notably, because she has not received adequate medical treatment and thus has suffered numerous seizures and collateral injuries, and has had to be housed with more serious offenders than she would have in the absence of her medical condition, Espinal's conditions of confinement have been more severe than expected. Further, the generally harsher prison conditions in place as a result of the COVID-19 pandemic, and the fact that Espinal herself contracted COVID-19 while in prison, further exacerbate the unexpected severity of her conditions of confinement over the past year. Under these circumstances, and particularly in light of the non-violent nature of the offense, the fact that the crime was committed primarily to benefit others, and Espinal's limited criminal history, a reduced sentence is not inconsistent with the nature and circumstances of the offense and the history and characteristics of the defendant. Thus, a sentence reduction that essentially converts most of her remaining prison time to home detention would still result in a sentence that reflects the seriousness of the offense, promotes respect for the law, provides just punishment, and provides adequate deterrence, particularly to Espinal. Accordingly, under the extraordinary circumstances present here, a sentence reduction to time served would be consistent with the § 3553(a) factors. The Motion will therefore be granted.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Espinal's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 87, is GRANTED in that Espinal's sentence will be reduced to time served with home detention as a condition of her one year of supervised release. An Amended Judgment shall issue.

Date: May 4, 2022

THEODORE D. CHUANG
United States District Judge